HOGAN HULET PLLC
KENNETH E. HOGAN
Nevada Bar No. 10083
E-mail: ken@h2legal.com
JEFFREY L. HULET
Nevada Bar No. 10621
E-mail: Jeff @h2legal.com
1140 N Town Center Drive, Suite 300
Las Vegas, Nevada 89144
Tel:  (702) 800-5482
*Attorneys for Defendants Vision Airlines, Inc.,*
*William Acor, Shelley Lynne, and*
*Vision Airlines, Inc. Health and Welfare Plan*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>Vision Airlines, Inc., a Nevada corporation; William Acor, an individual; Shelley Lynne, an individual; Vision Airlines, Inc. Health and Welfare Plan, an ERISA employee welfare benefit plan,<br><br>Defendants. | CASE NO. 2:18-cv-00682-APG-GWF<br><br>**DEFENDANTS' ANSWER** |

For their Answer to Plaintiff's Complaint, Defendants Vision Airlines, Inc., William Acor, Shelley Lynne, and Vision Airlines, Inc. Health and Welfare Plan, by and through their counsel of record, Kenneth E. Hogan of the law firm of Hogan Hulet PLLC, hereby responds as follows:

1.  Answering Paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations therein, and on that basis deny the allegations therein.

2.  Answering Paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations therein, and on that basis deny the

1

allegations therein.

3. Answering Paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations therein, and on that basis deny the allegations therein.

4. Answering Paragraph 4 of the Complaint, Defendants state that this averment calls for a legal conclusion which requires no answer, and on that basis deny the same.

5. Answering Paragraph 5 of the Complaint, Defendants admit that Vision Airlines is/was a private aviation company headquartered in Las Vegas, Nevada, and established the plan in 2008, and severed as the Plan Administrator save and except for specific periods where such administration was interfered with by others or disrupted by others or controlled by the Courts. Defendants deny that Vision Airlines had at all times relevant to the Complaint discretionary authority and control respecting the management and disposition of the Plan and its assets or exercised discretionary authority and responsibility in the administration of the Plan. As to the allegation that Vision Airlines was therefore a fiduciary of the Plan at all times, Defendants state that this averment calls for a legal conclusion which requires no answer, and on that basis deny the same.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Mr. Acor was a resident of Las Vegas, but deny the balance of allegations therein – and specifically deny that Mr. Acor had at all times relevant to the Complaint discretionary authority and control respecting the management and disposition of the Plan and its assets or exercised discretionary authority and responsibility in the administration of the Plan, given that, at times critical to the allegations of the Complaint, such discretion and control was interfered with by others or disrupted by others or controlled by the Courts. As to the allegation that Mr. Acor was a fiduciary of the Plan at all times, Defendants state that this averment calls for a legal conclusion which requires no answer, and on that basis deny the same.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Ms. Lynne was a resident of Las Vegas, but deny the balance of allegations therein – and specifically deny that Ms. Lynne had at any times relevant to the Complaint discretionary authority and control

respecting the management and disposition of the Plan and its assets or exercised discretionary authority and responsibility in the administration of the Plan.  As to the allegation that Ms. Lynne was a fiduciary of the Plan at all times, Defendants state that this averment calls for a legal conclusion which requires no answer, and on that basis deny the same.

8. Answering Paragraph 8 of the Complaint, the foregoing responses are incorporated by reference as through fully set forth herein.

9. Answering Paragraph 9 of the Complaint, Defendants admit the allegations therein.

10. Answering Paragraph 10 of the Complaint, Defendants admit the allegations therein.

11. Answering Paragraph 11 of the Complaint, Defendants admit the allegations therein.

12. Answering Paragraph 12 of the Complaint, Defendants admit the allegations therein save and except for times during which third parties interfered with Vision Airlines' control of the Plan and/or a court-appointed receiver controlled the Plan and was responsible for collecting and forwarding employee contributions withheld from participants' paychecks to the Plan and for satisfying the notice, disclosure, and other obligations placed on administrators by ERISA.

13. Answering Paragraph 13 of the Complaint, Defendants admit the allegations therein save and except for times during which during which third parties interfered with Vision Airlines' control and/or a court-appointed receiver controlled the Plan and was responsible for forwarding COBRA payments.

14. Answering Paragraph 14 of the Complaint, Defendants deny the allegations therein.

15. Answering Paragraph 15 of the Complaint, Defendants deny the allegations therein.

16. Answering Paragraph 16 of the Complaint, the foregoing responses are incorporated by reference as through fully set forth herein.

17. Answering Paragraph 17 of the Complaint, Defendants deny the allegations therein.

18. Answering Paragraph 18 of the Complaint, Defendants deny the allegations therein.

19. Answering Paragraph 19 of the Complaint, Defendants deny the allegations therein.

20. Answering Paragraph 20 of the Complaint, Defendants deny the allegations therein.

21. Answering Paragraph 21 of the Complaint, Defendants deny the allegations therein.

22. Answering Paragraph 22 of the Complaint, the foregoing responses are incorporated by reference as through fully set forth herein.

23. Answering Paragraph 23 of the Complaint, Defendants deny the allegations therein – and specifically state that payment was tendered to the carrier but refused.

24. Answering Paragraph 24 of the Complaint, Defendants deny the allegations therein – specifically stating that it was not possible to notify participants that the tender of payment had been refused and that coverage would be revoked retroactively because that was the carrier's decision, to which Defendants could not proactively make notifications before being themselves notified of an having opportunity to clarify the carrier's decision.

25. Answering Paragraph 25 of the Complaint, Defendants admit that the Company sent the stated notification of termination, but deny that the Company was fully informed that the tendered payment had been refused and that coverage was to be revoked retroactively.

26. Answering Paragraph 26 of the Complaint, Defendants are without sufficient knowledge of the participants basis for seeking medical services, or what they may have reasonably believed, and on that basis deny the allegations therein, and Defendants specifically deny that anyone was in position to definitively announce the cancellation of coverage until themselves becoming fully aware that the tender of payment had been refused and that coverage was to be revoked retroactively.

4

27. Answering Paragraph 27 of the Complaint, Defendants are without sufficient knowledge to meaningfully respond to the allegations, and on that basis deny the allegations therein.

28. Answering Paragraph 28 of the Complaint, Defendants are without sufficient knowledge to meaningfully respond to the allegations, and on that basis deny the allegations therein.

29. Answering Paragraph 29 of the Complaint, Defendants deny the allegations therein.

30. Answering Paragraph 30 of the Complaint, Defendants deny the allegations therein.

31. Answering Paragraph 31 of the Complaint, Defendants deny the allegations therein.

32. Answering Paragraph 32 of the Complaint, Defendants deny the allegations therein.

33. Answering Paragraph 33 of the Complaint, Defendants deny the allegations therein.

34. Answering Paragraph 34 of the Complaint, Defendants deny the allegations therein.

35. Answering Paragraph 35 of the Complaint, Defendants deny the allegations therein.

36. Answering Paragraph 36 of the Complaint, Defendants deny the allegations therein.

**AFFIRMATIVE DEFENSES**

1. Defendants, or any of them, does not meet the fiduciary definition under ERISA § 1002 as one who maintains discretionary authority or responsibility in the administration of a plan.

2. Defendants did not refuse to supply requested information or required notices under Sections 1166 or 1132.

3. No fiduciary, pursuant to § 1109(b), shall be liable with respect to a breach of fiduciary duty under ERISA if such breach was committed at a time where he or she ceased to be a fiduciary." 29 U.S.C.

4. Not all defendants qualify as a named fiduciary under § 1102(a)(2).

5. Not all defendants exercised discretionary control or authority over the management of the plan at issue.

6. Not all defendants, even if they may qualify as named fiduciaries or by and through the exercise of discretionary control or authority held that position at all times relevant to the Complaint.

7. Under ERISA, a person is a fiduciary only to the extent he or she performs enumerated tasks, such that in this context defendants may be an ERISA fiduciary for some purposes, but not for others, and one or more of the defendants is not an ERISA fiduciary for the purposes of ensuring the funding of the Plan and/or COBRA.

8. Under § 1002(21)(A), a person is not a fiduciary if he or she performs only ministerial functions, and one or more of the defendants performed only ministerial functions, if any.

9. Persons who perform tasks within a framework of policies, interpretations, rules, practices

10. and procedures made by other persons are not true fiduciaries, pursuant to § 2509, and one or more the defendants performed only with a framework structured by others.

11. One or more of the Defendants formally relinquished fiduciary status by and through the unequivocal written court order appointing a receiver over Vision Airlines, Inc.

12. One or more of the Defendants, not formally identified as a fiduciary, informally relinquished fiduciary status by and through ceasing to perform tasks that might implicate the exercise of fiduciary functions.

13. One or more of the Defendants, if a formal or informal fiduciary, lost the reasonable ability to make adequate arrangements for the continued prudent management of the plan.

14. Compensatory and punitive damages are not recoverable in an ERISA action for breach of fiduciary duty.

15. Relief under § 1132(a)(3) is limited to "appropriate equitable relief" such as injunction, or restitution, but not compensatory damages.

16. Defendants' actions with respect to the plan, if any, were performed with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

17. The wrongful conduct alleged by Plaintiff is the result of a supervening or intervening cause.

18. Plaintiff has failed to state a claim on which relief can be granted as to at least one of the Defendants.

19. Third parties, who interfered with control of the Plan, are not properly named in the action.

20. Third parties, who interfered with control of the Plan, usurped the fiduciary role of one of more Defendants in the action.

21. The debts alleged by Plaintiff have been resolved through accord and satisfaction.

22. The debts alleged by Plaintiff were written off, adjusted, or otherwise resolved that such the purported debtors on medical claims did not actually incur damages.

23. The Plan was terminated, such that restitution to the Plan is not reasonable.

24. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to Plaintiffs' Complaint, and therefore, Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

25. Some affirmative defenses may have been pled for purposes of non-waiver.

. . .

. . .

. . .

WHEREFORE Defendants pray that Plaintiff takes nothing from its Complaint, for reasonable expenses associated with defending the action, and for other and further relief as the Court deems appropriate.

DATED this 7th day of June, 2018.

                HOGAN HULET PLLC

                ss:// *Kenneth E. Hogan*
                KENNETH E. HOGAN
                1140 N Town Center Drive, Suite 300
                Las Vegas, Nevada 89144
                *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of June, 2018, he served a copy of the foregoing Answer, by and through the CM/ECF system, to the attention of:

Rose Darling, Esq.
Senior Trial Attorney,
Office of Solicitor, U.S. Dept. of Labor
90 7th St, Ste 3-700
San Francisco, CA 94103
darling.rose@dol.gov

ss:// *Kenneth E. Hogan*
KENNETH E. HOGAN