JANET M. HEROLD
Regional Solicitor
IAN H. ELIASOPH
Counsel for ERISA
ROSE DARLING (CA # 243893)
Senior Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7744
Facsimile: (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for Plaintiff, R. Alexander Acosta,
United States Secretary of Labor

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>**VISION AIRLINES, INC.**, a Nevada Corporation; **WILLIAM ACOR**, an individual; **SHELLEY LYNNE**, an individual; **VISION AIRLINES, INC. HEALTH AND WELFARE PLAN**, an ERISA employee welfare benefit plan. | Case No.: 2:18-cv-682<br><br>**STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER**<br><br>SUBMITTED IN COMPLIANCE WITH LR 26-1(b) |

*Stipulated Discovery Plan*
*Secretary of Labor v. Vision Airlines, Inc. et al.*                         1
*Case No.:* 2:18-cv-682

On June 26, 2018, counsel for Plaintiff the Secretary of Labor and Defendants Vision Airlines Inc., William Acor, and Shelley Lynne (collectively the "parties") met and conferred by telephone as required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 and now submit the following Discovery Plan and Scheduling Order.

**A.   Discovery Plan**

    **1.   Initial Disclosures**

The parties agree to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) by **July 20, 2018**.

    **2.   Subjects on Which Discovery May be Needed**

    a.   Discovery Needed by the Secretary of Labor

The Secretary shall seek discovery on the following topics: the organization and administration of the Vision Airlines, Inc. Health and Welfare Plan ( "Plan"), the fiduciaries of the Plan and their duties, employee and employer contributions to the Plan, the termination of the Plan, uncovered medical claims and other losses incurred by Plan participants as a result of the fiduciaries' failure to pay health insurance premiums, any notice (or lack thereof) to Plan participants regarding the Plan's termination, and Defendants Answer and affirmative defenses to the Complaint.

    b.   Discovery Needed by Defendants

Defendants shall seek discovery on the following topics:  the allegations of the Complaint; the actual damages at issue in the action; the sum of fiduciary control over the Plan by Defendant Bill Acor; the sum of fiduciary control over the Plan by Defendant Shelley Lynne; the understanding of Plan participants as to their participation and the Plan's termination.

The parties do not believe that discovery should be completed in phases.

    **3.   Discovery of electronically stored information "(ESI)"**

Counsel for the Secretary and Defendants have discussed preserving relevant ESI. The Secretary's official file in this matter is kept in electronic format, which includes

documents in their native form (e.g., emails, memos, spreadsheets) and pdfs scans of hard-copy documents. The parties agree to preserve and produce information in native format whenever possible, and to produce copies of original hard-copy documents in pdf format.

### 4. Privileges

The parties agree that they will deal with privilege issues as they arise in the course of discovery including under Fed. R. Civ. P. 26(b)(5) where applicable.

### 5. Changes to the Limitations on Discovery

At this time, the parties do not propose any changes to the discovery limits set forth under the federal or local rules.

## B. Scheduling Order

### 1. Discovery Cut-Off Date

Defendants answered the complaint on June 7, 2018. The parties propose that discovery will close 180 days after Defendants appeared, which is **December 4, 2018**.

### 2. Motions to Amend the Pleadings and Add Parties

The parties agree that the deadline for filing motions to amend the pleadings or to add parties shall be **September 5, 2018**.

### 3. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)

The deadline for the parties to make expert disclosures shall be **October 5, 2018**. Rebuttal-expert disclosures shall be made by **November 4, 2018**.

### 4. Dispositive Motions

The deadline for filing dispositive motions shall be **February 2, 2019**.

### 5. Pretrial order

The parties will file a joint pretrial order on **May 2, 2019**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order. The parties shall include in the joint pretrial order the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections.

**6.     Fed. R. Civ. P. 26(a)(3) Disclosures**

The parties shall make pretrial disclosures on **April 2, 2019**.

**7.     Alternative Dispute Resolution**

The parties certify that they have discussed using alternative dispute-resolution processes including mediation and arbitration. The parties propose a settlement conference in October 2018, after they have completed initial discovery.

**8.     Alternative Forms of Case Disposition**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program General Order 2013-01). The parties do not consent to trial by a magistrate judge or the use of the Short Trial Program.

**9.     Electronic Evidence**

N/A

Respectfully submitted,

Dated: July 6, 2018

| | |
|---|---|
| KATE S. O'SCANNLAIN<br>Solicitor of Labor<br>JANET M. HEROLD<br>Regional Solicitor<br>IAN H. ELIASOPH<br>Counsel for ERISA<br><br>ss:// *Rose Darling*_____<br>ROSE DARLING<br>Senior Trial Attorney<br>Attorneys for Plaintiff United States<br>Secretary of Labor | HOGAN HULET PLLC<br><br>ss:// *Kenneth E. Hogan*<br>KENNETH E. HOGAN<br>1140 N Town Center Drive, Suite 300<br>Las Vegas, Nevada 89144<br>Attorneys for Defendants Vision Airlines, Inc., William Acor, and Shelley Lynne. |

Dated: _____         **IT IS SO ORDERED:**

_____

*Stipulated Discovery Plan*
*Secretary of Labor v. Vision Airlines, Inc. et al.*                                  4
*Case No.:* 2:18-cv-682