JANET M. HEROLD
Regional Solicitor
IAN H. ELIASOPH
Counsel for ERISA
ROSE DARLING (CA # 243893)
Senior Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7744
Facsimile: (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for Plaintiff, R. Alexander Acosta,
U.S. Secretary of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>VISION AIRLINES, INC., a Nevada Corporation; WILLIAM ACOR, an individual; SHELLEY LYNNE, an individual; VISION AIRLINES, INC. HEALTH AND WELFARE PLAN, an ERISA employee welfare benefit plan.<br><br>Defendants. | Case No. 2:18-cv-682<br><br>**CONSENT JUDGMENT AND ORDER** |

WHEREAS:

A.  Plaintiff R. ALEXANDER ACOSTA Secretary of Labor, United States Department of Labor (the "Secretary"), under the authority granted to him by §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against VISION AIRLINES, INC., a Nevada Corporation; WILLIAM ACOR, an individual;

SHELLEY LYNNE, an individual; and VISION AIRLINES, INC. HEALTH AND WELFARE PLAN, an ERISA employee welfare benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), (collectively "Defendants").[1]

B. The Secretary, Vision Airlines, Inc., William Acor, and Shelley Lynne (collectively, the "parties") admit that the Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the District of Nevada under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

C. The parties agree to the entry of this Consent Judgment and Order. The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint.

D. The Secretary alleged in the Complaint that Defendants violated Sections 403, 404, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, 1106, by (1) failing to forward withheld employee contributions and COBRA payments to the Vision Airlines, Inc. Health and Welfare Plan (the "Plan"); and (2) failing to provide Plan participants with notice that they were at risk of losing their health insurance coverage, and in fact that their coverage was retroactively terminated, because the Plan fiduciaries had failed to pay insurance premiums.

E. The Secretary further alleged in the Complaint that as a result of the aforementioned violations of ERISA, Defendants are jointly and severally liable under ERISA Section 409, 29 U.S.C. § 1109, for Plan losses and uncovered medical claims for Plan participants.

F. This Consent Judgment and Order is intended to restore losses to eligible Plan participants and beneficiaries other than Defendants William Acor and Shelley Lynne ("Eligible Plan Participants") as identified in **Exhibit A**, attached hereto.

G. All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief under Fed. R. Civ. P. 19(a).

*Consent Judgment and Order* 2
*Case No.:* 2:18-cv-682

1. Defendant Vision Airlines, Inc. and Defendant William Acor are jointly and severally liable for **$219,716.98** and judgment is hereby entered against them in that amount ("Judgment Amount"). The Judgment Amount is comprised of: (a) $99,427.33 in Plan losses in the form of outstanding employee contributions not forwarded to the Plan, which includes interest calculated at the rate set forth in 26 U.S.C. § 6621 from October 1, 2015 to October 2, 2018; (b) $6,755.65 in Plan losses in the form of outstanding COBRA payments not forwarded to the Plan, which includes interest calculated at the rate set forth in 26 U.S.C. § 6621 from October 1, 2015 to October 2, 2018; and (c) $113,534.00 in Plan participants' uncovered medical claims resulting from their loss of health insurance coverage because the Plan fiduciaries failed to pay insurance premiums.

2. Within 90 calendar days of the Court's approval of this Consent Judgment and Order, Defendants shall pay the Judgment Amount by remitting **$219,716.98** to the Independent Fiduciary appointed under Paragraph three (3) below. The amount paid to the Independent Fiduciary under this Paragraph shall be distributed to each Eligible Plan Participant who is owed funds as determined by the United States Department of Labor, Employee Benefits Security Administration ("EBSA"), and as previously provided to Defendants. The Secretary shall provide the last-known contact information for the Eligible Plan Participants to the Independent Fiduciary to facilitate payment of the Judgment Amount. Attached as **Exhibit A** is a summary of the portion of the Judgment Amount due and owing to each Eligible Plan Participant, as calculated by EBSA.

3. David M. Lipkin, F.S.A., c/o Metro Benefits, Inc., 8150 Perry Highway, Suite 311, Pittsburgh, Pennsylvania 15237, shall be, and hereby is, appointed Independent Fiduciary of the Plan who:

   a. Will receive and distribute the Judgment Amount on a pro rata basis to the Eligible Plan Participant as identified in **Exhibit A**;

   b. For any Eligible Plan Participants who cannot be located, will distribute their portion of the Judgment Amount in accordance with EBSA's Field Assistance Bulletin 2014-01 (https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-

01), which may include setting up IRAs and escheating funds to one or more states;

    c.    Will follow up with Eligible Plan Participants as necessary to ensure that they receive their portion of the Judgment Amount;

    d.    Has all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA, including filing annual and/or final Form 5500;

    e.    Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and as permitted by the Plan document and may retain assistance as needed including attorneys, accountants, actuaries, and other service providers;

    f.    Shall have full access to all data, information, and calculations in the Secretary's possession and under his control, and if applicable, information and records maintained by the Plan's custodial trustee or service provider;

    g.    Shall comply with all applicable rules and laws; and

    h.    Shall terminate and wind down the Plan.

4.    Within 15 calendar days of the Court's approval of this Consent Judgment and Order, Defendants shall pay the Independent Fiduciary $13,575.00, which represents reasonable compensation for the services identified in Paragraph three (3) of this Consent Judgment and Order. The Independent Fiduciary's compensation rates are identified in **Exhibit B**.

5.    The fees of the Independent Fiduciary shall be capped at $13,575.00. If the Independent Fiduciary determines that additional fees are required to administer the Plan, the Independent Fiduciary shall file with the Court an itemized fee application, which shall indicate the additional services that are required and the additional fees for them. The parties shall have 15 calendar days to object to all or any part of the application. The Independent Fiduciary shall not be entitled to any additional fees until the Court approves the expenditure. Defendants shall pay any additional fees that are approved by the Court. The cap on fees described in this Paragraph does not include reasonable fees and expenses incurred by the Plan to service providers other than the Independent Fiduciary, even where the Independent Fiduciary approves such charges.

6. Defendants shall cooperate fully with the Independent Fiduciary appointed by the Court in (a) providing documents or information they may have relevant to the Plan's administration and management to the Independent Fiduciary; (b) authorizing third parties in possession of documents or information relevant to the Plan's administration and management to turn over such documents and information to the Independent Fiduciary; and (c) facilitating the transfer of possession and control of Plan assets to the Independent Fiduciary.

7. Upon the appointment of the Independent Fiduciary named in Paragraph three (3) above, Vision Airlines, Inc. shall be removed as Administrator of the Plan and Defendants William Acor and Shelley Lynne shall be removed as fiduciaries of the Plan.

8. Vision Airlines, Inc., William Acor, and Shelley Lynne are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

9. Defendant William Acor is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

10. Defendant Shelley Lynne is hereby enjoined for two (2) years from the date of entry of this Consent Judgment and Order from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

11. Within ten (10) calendar days of the Court's entry of this Consent Judgment and Order, the Secretary shall provide a copy of this Consent Judgment and Order to the Independent Fiduciary.

12. This Consent Judgment and Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent (20%) on amounts recovered under ERISA § 502(l), 29 U.S.C. § 1132(l). Defendants waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Upon assessment, payment of the penalty shall be made immediately unless Defendants file a petition to waive or reduce the penalty as set forth in 29 C.F.R. §§ 2570.83–2570.87, and the Secretary agrees to waive or reduce the penalty. If the Secretary does not agree to waive or reduce the penalty, Defendants shall remit the penalty amount to the Secretary within 90 calendar days of receipt of the Secretary's decision denying Defendants' petition. Defendant may

not challenge the Secretary's decision regarding any petition submitted to waive or reduce the penalty amount.

13. Defendants expressly waive all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

14. The Secretary and all Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

15. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

16. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

17. By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

18. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

//

//

The Court directs the entry of this Consent Judgment and Order as a final order.

Respectfully Submitted,

Dated: October 23, 2018

| | |
|---|---|
| KATE S. O'SCANNLAIN<br>Solicitor of Labor<br>JANET M. HEROLD<br>Regional Solicitor<br>IAN H. ELIASOPH<br>Counsel for ERISA<br><br>*ss:// Rose Darling*<br>ROSE DARLING<br>Senior Trial Attorney<br>Attorneys for Plaintiff United States Secretary of Labor | HOGAN HULET PLLC<br><br>*ss:// Kenneth Hogan*<br>KENNETH E. HOGAN<br>1140 N Town Center Drive, Suite 300<br>Las Vegas, Nevada 89144<br>Attorneys for Defendants Vision Airlines, Inc., William Acor, and Shelley Lynne. |

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE
Dated: October 25, 2018.

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, I electronically filed the foregoing **CONSENT JUDGMENT AND ORDER** with the Clerk of Court using the CM/EFC system, which will send a notification of the filing to the following attorney of record:

KENNETH E. HOGAN
Nevada Bar No. 10083
E-mail: ken@h2legal.com
JEFFREY L. HULET
Nevada Bar No. 10621
E-mail: Jeff @h2legal.com
1140 N Town Center Drive, Suite 300
Las Vegas, Nevada 89144
Tel: (702) 800-5482

Dated: October 23, 2018

/s/ Rose Darling
ROSE DARLING
Senior Trial Attorney
United States Department of Labor

# EXHIBIT A

# EXHIBIT A

| Plan Participant or Beneficiary Name | Total Amount Owed to Plan Participant or Beneficiary |
|---|---:|
| Danielle Acor | $3,515.45 |
| Steven Acor | $145.00 |
| Lisandra Alexandriny | $2,608.26 |
| Jennifer Alvarado | $102.81 |
| Lisa Anderson | $5,063.03 |
| Randal Ashwill | $754.53 |
| Roger Avila | $440.31 |
| Fausto Baca | $776.05 |
| Patrick Michael Barker | $89.64 |
| James Belleveau | $1,085.24 |
| Charles Benson | $5,993.95 |
| Gregory Blatt | $711.24 |
| Donna Boschert | $3,240.06 |
| Russell Boyd | $2,467.06 |
| Donald Burgess | $1,876.38 |
| Dalton Burgess | $1,348.00 |
| Jeffrey Burgett | $711.24 |
| Erica Bumbaugh | $440.31 |
| Rodolfo Buyao | $5,975.54 |
| Camille Campbell | $720.60 |
| Russell Carr | $187.18 |
| Michael Cheladyn | $660.46 |
| Jerry Cubillian | $12,679.33 |
| Kerry Cuthbert | $1,925.84 |
| Brain Daggett | $125.00 |
| Nicholas Davis | $711.24 |
| Alexander Dela Victoria | $711.24 |
| James Dusharm | $395.00 |
| Clover Edwards | $1,460.24 |
| Dominique Espinosa | $440.31 |
| Skylar Esposito | $291.00 |
| Vincent Esposito | $1,742.38 |
| Paige Ewell | $1,361.24 |
| Kathleen Farrell | $720.60 |
| Patrick Foley | $3,567.86 |
| Ashley Francis | $110.86 |
| Jerry Hale | $278.36 |

# EXHIBIT A

| | |
|---|---:|
| Ken Hashimoto | $440.31 |
| Todd Havers | $1,593.65 |
| Jimmy Hernandez | $8,568.57 |
| Jennylyn Hilario | $711.24 |
| David Hollar | $406.42 |
| Steven Honeyfield | $711.24 |
| Wendy Hudson | $65.07 |
| Leslie Hughes | $4,301.48 |
| Sean Hughes | $369.00 |
| Shannon Hughes | $305.00 |
| Uel Hunter | $877.70 |
| Angelica Jimenez | $711.24 |
| Judith Jones | $2,306.96 |
| Junko Kanazawa | $1,054.24 |
| Annie Karapetyan | $711.24 |
| Bradley Kinkeade | $3,437.50 |
| Yuko Kubo | $2,102.40 |
| Todd Lynch | $1,243.24 |
| James Maguire | $1,444.15 |
| Jim Martin | $3,269.07 |
| Stephen Martin | $817.51 |
| Brandon Mason | $660.46 |
| Callaway McCann | $110.08 |
| Alexis McCoy | $2,076.38 |
| Chistopher McCoy | $513.00 |
| Steve Mena | $2,453.01 |
| Miro Mihailoff | $1,016.06 |
| Thomas Miller | $274.76 |
| Carl Millican | $2,126.24 |
| Miguel Montoya | $1,083.90 |
| John Morris | $660.46 |
| Brandon Mosher | $183.00 |
| Frank Mosher | $2,456.10 |
| Shannon Murphy | $3,050.73 |
| Pamela Neal | $711.24 |
| Kirk Nelson | $40.05 |
| Gary Nelson | $50,892.29 |
| Tamako Nelson | $2,609.91 |
| Krista Nettles | $636.00 |

# EXHIBIT A

| | |
|---|---|
| Steven Nettles | $2,609.91 |
| Jason Orton | $483.06 |
| Michael Page | $144.96 |
| Bruce Parker | $826.45 |
| Charles Payne | $220.15 |
| Jason Persun | $766.24 |
| Lorena Pichardo | $711.24 |
| Leslie Raymond | $1,561.00 |
| Michael Raymond | $3,827.84 |
| Linda Rocha | $711.24 |
| Yari Rodriguez | $440.31 |
| Angela Ross | $440.31 |
| Steven Russell | $660.46 |
| Robert Senft | $48.26 |
| Marcelo Sepulveda | $3,940.62 |
| Matthew Shepard | $440.31 |
| Jesse Smith | $354.00 |
| Kristopher Smith | $776.05 |
| Michael Smith | $106.53 |
| Michelle Smith | $1,857.21 |
| Marcus Snyder | $2,154.07 |
| Daniel Sprenger | $660.46 |
| Barbara Stacey | $784.00 |
| Robert Stienke | $4,083.74 |
| Sandra Stockton | $295.97 |
| William Stromire | $1,055.46 |
| Bruce Suetsugu | $1,082.46 |
| Ramon Tapia | $1,876.38 |
| Cheryl Templin | $2,252.63 |
| Kenneth Templin | $769.85 |
| Janet Terrill | $736.69 |
| Gergana Torneva | $776.05 |
| Jeannette Tuilaepa | $875.46 |
| Garrett Van Horne | $3,194.80 |
| Armando Velasco | $711.24 |
| Felipe Velasco-Cruz | $776.05 |
| Maribel Walden | $437.00 |
| Tesannie Walters | $480.40 |
| Steven Weiss | $2,620.86 |

**EXHIBIT A**

| Johnathon Wilson | $733.52 |
|---|---|
| **TOTAL** | **$219,716.98 (Judgment Amount)** |

# EXHIBIT B

# Exhibit B

## Metro Benefits, Inc.
8150 Perry Highway
Suite 311
Pittsburgh, PA 15237
Phone (412) 847-7600     Fax (412) 847-7601
www.metrobenefits.com

Proposal for:     VISION AIRLINES, INC. HEALTH AND WELFARE PLAN
**PLAN FEE AND SERVICE SCHEDULE**

The following outlines the fees for the administrative and consulting services which Metro Benefits, Inc. can provide on behalf of the plan to assume Trusteeship of the plan, with the intention of terminating it efficiently and paying out all remaining participants. This proposal assumes that the health plan proceeds are to be treated as if they came from a 401(k) Plan.

|   | **Services** | **Fee** |
|---|---|---|
| 1. | Initial review of Plan files | |
|   | ▪ 2 hours @ $175/hour | $ 350.00 |
| 2. | Take custody of Plan assets once received, set up account review - if any | |
|   | ▪ 3 hours @ $175/hour | $ 925.00 |
|   | ▪ Obtain fidelity bond | |
| 3. | Preparation of employee communication, updating on status, preparation of distribution packages and coordination of distributions in accordance with Participant elections *(including setup of any default IRA's, for non-locatable/ non-responding participants and coordination and deposit of any Federal tax withholding, if needed, using the IRS EFTPS) All prepared in accordance with FAB 2014-01.)* | |
|   | ▪ 123 participants @ $ 65 per participant | $ 7,995.00 |
| 5. | Preparation of Form 1099-R & Form 945 | |
|   | ■ 123 forms @ $ 35 per form | $ 4.305.00 |
|   | ■ To be prepared by John Hancock | |
| 6. | Total Charges | $ 13,575.00 |